UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA TUTROW, QINGYAN MENG, and RITA BERRY,<br><br>    Plaintiffs,<br><br>vs.<br><br>OFFICE TECH, INC. and DAVID SHONKWILER,<br><br>    Defendants. | Case No. 1:09-cv-900-TWP-DML |

## ENTRY ON DEFENDANTS' MOTION TO STRIKE

**A.  Background**

Defendants Office Tech, Inc. and David Shonkwiler (collectively, "Defendants") are in a pickle of their own making.  This action – alleging violations of the Fair Labor Standards Act ("FLSA")  Wage Payment Statute, and Wage Claims Statute – was initiated on July 22, 2009. On or about December 11, 2010, Plaintiffs served Defendants with Requests for Admissions ("Requests").  At the time of service, Defendants were represented by counsel.  On December 20, 2010, counsel for Defendants filed a Motion to Withdraw, which the Court granted on January 3, 2011.  Without counsel, Defendant Shonkwiler missed the deadline for responding to the Requests, making them admitted as a matter of law.  Perhaps seizing on Defendants' blunder, Plaintiffs moved for summary judgment on January 14, 2011, designating Defendants' "admissions" as a key piece of evidence.

Defendants concede that if these admissions are allowed to stand, their defense is effectively foreclosed.  Now with counsel, Defendants have moved this Court to strike the admissions from Plaintiffs' evidence in support of their motion for summary judgment.

Alternatively, Defendants request leave to amend their admissions.

**B.     Discussion**

Under Federal Rule of Civil Procedure 36(b) the Court, in its discretion, may permit a party to rescind "conclusively established" admissions when (1) doing so will serve the presentation of the merits of the case and (2) the party who benefits from the admissions is not prejudiced. *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir.2005); Fed. R. Civ. P. 36(b). The Court considers these prongs separately.

First, allowing Defendants to withdraw the admissions would serve the full presentation of the case on the merits. For instance, Defendants, by way of their failures to respond, effectively admitted to having gross revenues of $500,000 or more, a requirement to establish enterprise coverage pursuant to the FLSA. Defendants contend that, in reality, this statement is false. Indeed, the withdrawal of the admissions would allow the Court to hear the actual facts.

But this is not the Court's only consideration. The Court must also consider whether Plaintiffs will be prejudiced. In a sense, a party is always "prejudiced" when an opponent is allowed to present evidence supporting its case, assuming such evidence increases the opponent's likelihood of prevailing. *See Januszewski v. Village of Oak Lawn*, 2008 WL 4898959, at *3 (N.D. Ill. Nov. 12, 2008). But "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather it relates to the difficulty a party may face in proving its case." *Id*. (citation omitted) For instance, prejudice under Rule 36(b) can take the form of prejudice "to trial preparation or significant delay causing a party to forego discovery." *Id*. (allowing withdrawal; "In any event, there is no indication that the Defendants' trial preparation has been seriously

prejudiced or that they have foregone discovery in reliance on Januszewski's admissions. The parties have engaged in copious oral and written discovery for over three years.").

Here, the Court finds that Plaintiffs have established that they would be prejudiced if Defendants are permitted to rescind their admissions. Discovery is now closed and Plaintiffs have represented to the Court that "[i]f Defendants are permitted to deny these admissions, then Plaintiff will not have the ability to perform discovery to ascertain if [a given denial] is true or false." (Dkt. 87 at 3). In other words, Plaintiffs have relied on Defendants' default admissions and allowing Defendants to withdraw or amend at the eleventh hour would materially impair Plaintiffs' case. *See, e.g., Tidwell v. Daley*, 2001 WL 1414229, at *1 (denying motion to withdraw or amend admissions; finding reliance on default admissions by a party who forewent discovery is the type of prejudice contemplated under Rule 36(b)). Moreover, the Court's ruling is reinforced by the fact that a trial date is fast approaching. *See Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 1993 WL 519958, at *2 (N.D. Ill. Dec. 6, 1993) (denying motion to withdraw or amend admissions; "Allowing defendants to withdraw or amend their responses to Dorr-Oliver's requests for admissions would prejudice Dorr-Oliver since the trial date. . . is so close."). This matter is set for jury trial on May 9, 2011.

The Court does not make this decision lightly, given the potentially harsh consequences at play. But the Court's decision did not arise in a vacuum; Defendants' case has been fraught with problems. For instance, on January 3, 2011, the Court ordered Defendants to secure new counsel within 30 days. Defendants ignored this order during a crucial stretch of time, waiting until March 6, 2011. Moreover, Defendant Shonkwiler opted to represent himself *pro se* for a period of time, but this was his own decision, and should not entitle him to leniency at Plaintiff's

expense. *See Voogd v. Pavilion Foundation*, 122 Fed. Appx. 850, 852 (7th Cir. 2004) ("despite the leniency sometimes accorded pro se litigants, they must comply with procedural rules because strictly enforcing procedural requirements is the best guarantee of evenhanded administration of the law.") (citation and internal quotations omitted). At bottom, deadlines matter, and Defendants should not be rewarded for taking a cavalier approach to the rules. No one likes seeing a baseball game end with a runner getting tagged off base but, sometimes, that is precisely what happens.

For these reasons, Defendants' Motion to Strike (Dkt. 81) is **DENIED**.

SO ORDERED.

Date: 04/04/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Amanda J. Griffith**
A.J. GRIFFITH & ASSOCIATES
ajgriffithlaw@gmail.com,ajmgriffith@gmail.com

**Ronald E. Weldy**
WELDY & ASSOCIATES
weldy@weldylaw.com